IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON PELLAZARI, Special
Administrator of the Estate of
BETTY J. PELLAZARI, Deceased,

Plaintiff,

v.

MYLAN, INC., and MYLAN
PHARMACEUTICALS, INC.,

Defendants.                                              No. 10-278-DRH

**ORDER**

**HERNDON, Chief Judge:**

This matter is before the Court for case management purposes, specifically, to raise the issue, *sua sponte*, of whether this Court has subject matter jurisdiction over this case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle***, 74 U.S. 506, 514, 7 Wall, 506, 19 L.Ed. 264 (1868); ***Steel Co. v. Citizens for Better Environment***, 523 U.S. 83, 94, 118 S.Ct. 1003, 1012 (1998). In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. **See *Kreuger v. Cartwright***, 996 F.2d 928, 930-31 (7th Cir. 1993); ***Kanzelberger v. Kanzelberger***, 782 F.2d 774, 777 (7th Cir. 1986).

Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met.  **See In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 607 (7th Cir. 1997)**.

        The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between parties plus an amount in controversy exceeding, $75,000, exclusive of interests and costs.  Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." **Howell v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**.  Factual allegations of *citizenship* must be made in the pleadings, demonstrating complete diversity.  **See Chicago Stadium Corp. v. State of Indiana, 220 F.2d 797, 798-99 (7th Cir. 1955) (emphasis added)**.

        In its Notice of Removal (Doc. 2), Defendants allege that diversity jurisdiction exists in that the Plaintiff and the Defendants are citizens of different states (Doc. 2 at ¶ 10).  Such a conclusion will not suffice.  Defendants' factual allegations regarding citizenship states only that Plaintiff is a "resident" of Madison County, Illinois (*Id*. at ¶ 10).  Plaintiff's original Complaint also states that he is a "resident" of Madison County, Illinois, and fails to state any allegations in regards to his citizenship.  This too is not sufficient.  "[R]esidence and citizenship are not synonymous and it is [citizenship] that matters for purposes of the diversity jurisdiction." **Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617**

**(7th Cir. 2002)**.  Until Defendants properly plead diversity of citizenship, the Court must approach this case as if jurisdiction does not exist.  Without those allegations, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction."  ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**.

The Court is not concluding that subject matter jurisdiction does not exist.  However, it is currently in question, and thus not established.  Accordingly, Defendants are hereby **ALLOWED** leave to file a Supplement to its Notice of Removal properly setting forth subject matter jurisdiction within **TEN (10)** days of the date of this Order.  If Defendants fail to timely correct this jurisdictional deficiency, the Clerk is instructed to remand the case.

**IT IS SO ORDERED.**

Signed this 16th day of April, 2010.

/s/  *David R. Herndon*

**Chief Judge
United States District Court**