IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON PELLAZARI, Special Administrator of the Estate of, BETTY J. PELLAZARI, Deceased | : : : : | CASE NO.: 3:10-cv-00278-DRH-DGW |
| Plaintiff, | : : | |
| vs. | : : | |
| MYLAN, INC., and MYLAN PHARMACEUTICALS, INC., | : : : | JURY DEMANDED |
| Defendants. | : : : : | |

## MOTION TO DISMISS ON BEHALF OF DEFENDANTS, MYLAN INC. AND MYLAN PHARMACEUTICALS INC.

Defendants, Mylan Inc. and Mylan Pharmaceuticals Inc., (collectively the "Mylan Defendants") bring this Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief may be granted.  The Mylan Defendants assert that Plaintiff's Complaint fails adequately to plead a basis for relief pursuant to the requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  In addition, the Mylan Defendants request that Plaintiff's claim failure to provide adequate or sufficient warnings to Plaintiff's Decedent be dismissed on the basis that neither Illinois law nor Tennessee law imposes a duty upon a prescription drug manufacturer to provide warnings to the ultimate user or consumer.  Rather, the duty runs to the learned intermediary.  In support of these defenses, the Mylan Defendants aver as follows:

1.      Plaintiff alleges that Decedent, Betty J. Pellazari ("Decedent"), who was a resident of Madison County, Illinois, at the time of the incidents set forth in the Complaint but living on a temporary basis in Dover, Stewart County, Tennessee, was prescribed a 50 mcg Fentanyl Transdermal System ("MFTS") allegedly designed, manufactured and distributed, by Mylan Inc., ("Mylan") and/or Mylan Pharmaceuticals Inc. ("MPI").  Complaint, Count I ¶3, and Count V ¶3.

2. On March 7, 2009, Decedent allegedly "properly administered and affixed the first transdermal patch she was prescribed in accordance with her physician's orders and the application instructions provide by defendant." Complaint, Count I ¶6, and Count V ¶6.

3. On March 8, 2009, the Decedent died, allegedly due to a "toxic dosage" of fentanyl allegedly arising from her use of the MFTS. Complaint, Count I ¶8, and Count V ¶8.

4. Based upon these events, Plaintiff sets forth claims of product liability pursuant to Sections 402A and 402B of the Restatement (Second) of Torts, and negligence.

5. Under Twombly, the pleader is required to "give the defendant fair notice of what the claim is and the grounds upon which it rests." 550 U.S. at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

6. With regard to his claim of product liability, Plaintiff simply avers that the MFTS failed to perform "in the manner reasonably to be expected in light of their nature and intended function" due to a "defect in the drug's design" and that the "defective design, manufacture, assembly and sale" of the MFTS was the proximate cause of the Decedent's death. Complaint, Count I ¶¶9, 10 and Count V ¶¶9, 10.

7. Further, Section 402B imposes strict liability for misrepresentation when the misrepresented product causes physical harm. See Hollenbeck v. Selectone Corporation, 131 Ill.App.3d 969, 476 N.E.2d 746 (1985); and Moorman Manufacturing Company v. National Tank Company, 91 Ill.2d 69, 435 N.E.2d 443 (1982). However, the Complaint is completely silent as to any alleged misrepresentations the Mylan Defendants allegedly made in connection with the MFTS; who made them; to whom were they made; or how they allegedly caused in fact Decedent's harm.

8. The United States Supreme Court's decisions in Twombly and Iqbal, however, require greater particularity in pleading. Plaintiff's claims do not "give [Mylan] fair notice of what the claim is and the grounds upon which it rests." Twombly 550 U.S. at 555. They constitute no more than "labels and conclusions," and "a formulaic recitation of the elements of the causes of [the] cause[s] of action" at

issue. *Id.* Thus, Plaintiff's allegations fail to "raise [her] right to relief above the speculative level" as required by Twombly, Id., and should be dismissed with prejudice.

9. In addition, the Mylan Defendants requests an order dismissing the Plaintiff's claims for failing to provide adequate or sufficient warnings to Plaintiff's Decedent.  *See* Complaint, Count III ¶9(a), and Count VII ¶9 (a).  Under Illinois and/or Tennessee law, the manufacturer of prescription drugs owes no legal duty to directly warn patients, like the Decedent, of known risks and dangerous propensities associated with their products. Kirk v. Michael Reese Hosp., 117 Ill. 2d 507, 513 N.E.2d 387 (1987); Pittman v. Upjohn Co., 890 S.W.2d 425, 429 (Tenn. 1994) (manufacturers of certain medical products "may reasonably rely on intermediaries to transmit their warnings and instructions.").[1]

10. Plaintiff's Complaint does not allege that the warnings and instructions provided to the Decedent's prescribing physician were inadequate or that the Mylan Defendants failed to warn the physician of an alleged risk associated with the use of the product or not otherwise known to the physician.   Therefore, all of the failure to warn allegations must be dismissed.

WHEREFORE, for all the forgoing reasons, as well as the more detailed discussion set forth in accompanying Brief in Support of this Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), which is incorporated herein by reference, Mylan Inc. and Mylan Pharmaceuticals Inc. asks that this Court this Court dismiss Counts I, II, V, VI pursuant to Twombly Id.; and Count III ¶9(a), and Count VII ¶9 (a), and Counts IV and VIII to the extent they are based on these allegations, pursuant to the learned intermediary doctrine, with prejudice for failure to state a claim upon which relief may be granted.

**A JURY TRIAL IS DEMANDED.**

|  |  |
|---|---|
| April 21, 2010 | By: /s/ C. Raymond Bell<br>C. Raymond Bell, Esq.<br>Illinois Bar #6200323 |

---

[1] At this point, the Mylan Defendants are not arguing which state's law applies, as all of the facts and circumstances surrounding the Decedent's use of the MFTS and her death are presently unknown.  Regardless, under either Illinois or Tennessee law, the Plaintiff's claims are barred by the learned intermediary doctrine.

**Foley & Mansfield, P.L.L.P**
1001 Highlands Plaza Drive West
Suite 400
St. Louis, MO  63110
(314) 645-7788 Telephone
(3124) 645-9945 Facsimile
rbell@foleymansfield.com

Clem C. Trischler, Esq.
*Pro Hac Admission to be sought*
**Pietragallo Gordon Alfano Bosick**
**& Raspanti, LLP**
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
(412) 263-2000 Telephone
(412) 263-2001 Facsimile
CCT@Pietragallo.com

**Counsel for Defendants,**
**Mylan Inc. and Mylan Pharmaceuticals Inc.**

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing MOTION TO DISMISS ON BEHALF OF DEFENDANTS, MYLAN INC. AND MYLAN PHARMACEUTICALS INC. has been electronically filed and served by operation of the Court's electronic filing system upon the counsel of record listed below on this 21st day of April, 2010:

Robert H. Gregory, Esq.
970 E. Airline Drive, Suite 3
East Alton, IL  62024
**Counsel for Plaintiff**

                                              /s/ C. Raymond Bell