IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON PELLAZARI, Special Administrator of the Estate of, BETTY J. PELLAZARI, Deceased | : : : : : : : : : : : : : : | CASE NO.: 3:10-cv-00278-DRH-DGW |
| Plaintiff, | | |
| vs. | | |
| MYLAN, INC., and MYLAN PHARMACEUTICALS, INC., | | JURY DEMANDED |
| Defendants. | | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANTS, MYLAN INC. AND MYLAN PHARMACEUTICALS INC.**

Defendants, Mylan Inc. and Mylan Pharmaceuticals Inc., (collectively the "Mylan Defendants") file this Brief in support of their Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief may be granted. The Mylan Defendants assert that Plaintiff's Complaint fails adequately to plead a basis for relief pursuant to the requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). In addition, the Mylan Defendants request that Plaintiff's claim failure to provide adequate or sufficient warnings to Plaintiff's Decedent be dismissed on the basis that neither Illinois nor Tennessee law imposes a duty upon a prescription drug manufacturer to provide warnings to the ultimate user or consumer. Rather, the duty runs to the learned intermediary. In support of these defenses, the Mylan Defendants aver as follows:

**I. INTRODUCTION**

The Plaintiff, Jason Pellazari, as Special Administrator of the Estate of Betty J. Pellazari, Deceased, filed a multi-count Complaint sounding in strict liability and negligence against Mylan Inc. ("Mylan"), and Mylan Pharmaceuticals Inc. ("MPI").[1] Plaintiff alleges that the death of Betty Pellazari

---

[1] Plaintiff originally filed this Complaint on or about March 5, 2009 in the Circuit Court, Third Judicial Circuit, Madison County, Illinois. Thereafter, the Mylan Defendants removed this action to the United States District Court, Southern District of Illinois based upon diversity.

("Decedent"), on March 8, 2009 was caused by her alleged use of a Mylan Fentanyl Transdermal System ("MFTS"), a transdermal drug product available only by prescription. Complaint, Count I ¶10, and Count V ¶10. The fentanyl transdermal system is a prescription drug product that has been approved by the United States Food and Drug Administration ("FDA") as safe and effective when used in accordance with its approved labeling. Mylan Technologies Inc. received FDA approval for the manufacture of the fentanyl transdermal system on January 28, 2005. The fentanyl transdermal system is indicated for treatment of patients suffering the debilitating effects of moderate to severe chronic pain.

Plaintiff's Complaint alleges that the Decedent, who was a resident of Madison County, Illinois, at the time of the incidents set forth in the Complaint but living on a temporary basis in Dover, Stewart County, Tennessee, was prescribed a 50 mcg Fentanyl Transdermal System ("MFTS") allegedly designed, manufactured and distributed, by Mylan and/or MPI. Complaint, Count I ¶3, and Count V ¶3. On March 7, 2009, Decedent allegedly "properly administered and affixed the first transdermal patch she was prescribed in accordance with her physician's orders and the application instructions provide by defendant." Complaint, Count I ¶6, and Count V ¶6. On March 8, 2009, the Decedent was found unresponsive and subsequently died, allegedly due to a "toxic dosage" of fentanyl allegedly arising from her use of the MFTS. Complaint, Count I ¶8, and Count V ¶8.

In support of his claim for damages, Plaintiff has filed a Complaint which predicates recovery on claims of product liability pursuant to Sections 402A and 402B of the Restatement (Second) of Torts, and negligence.[2] The Mylan Defendants submit that the claims for strict liability fail to state a claim upon which relief can be granted, as they have been pled in a manner that fails to comport with the Federal Rules of Civil Procedure pursuant to Twombly, supra. In addition, the Mylan Defendants request an order dismissing the claim for failure to provide adequate or sufficient warnings to Plaintiff's Decedent be dismissed on the basis that neither Illinois nor Tennessee law imposes a duty upon a prescription drug

---

[2] With respect to the strict liability claims, Counts I and V assert wrongful death claims and Counts II and VI assert survival claims against Mylan and MPI respectively. As to the negligence claims, Counts III and VII assert wrongful death claims and Counts IV and VIII assert survival claims against Mylan and MPI respectively.

manufacturer to provide warnings to the ultimate user or consumer.[3]  Rather, the duty runs to the learned intermediary.

## II. ARGUMENT

### A. PLAINTIFF FAILS TO PLEAD HIS CLAIMS WITH SUFFICIENT DETAIL TO SATISFY THE PLEADING STANDARD SET FORTH IN BELL ATLANTIC CORP. V. TWOMBLY, 550 U.S. 544 (2007)

In the United States Supreme Court's decision in Twombly, the Court dispelled any notion that liberal federal "notice pleading" principles under F.R.C.P. 8 enabled a plaintiff to survive a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) merely by providing conclusory averments that recite the bare elements of a cause of action.  Rather, the pleader is required to "give the defendant fair notice of what the claim is *and the grounds upon which it rests*."  Twombly, 550 U.S. at 555 (internal quotation marks omitted).  While these factual allegations need not be "detailed," "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal modification omitted).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In addition, the Supreme Court applied Twombly outside the Sherman Act context in which that case was decided, effectively confirming that it applies generally to civil actions.  *See* Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  Thus, in that case, the Court identified two "working principles" at the heart of that decision:

> **First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions**.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  **Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.**  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

---

[3] At this point, the Mylan Defendants are not arguing which state's law applies, as all of the facts and circumstances surrounding the Decedent's use of the MFTS and her death are presently unknown.  Regardless, under either Illinois or Tennessee law, the Plaintiff's claims are barred by the learned intermediary doctrine

Iqbal, 129 S.Ct. at 1949-50 (citations and quotation marks omitted; emphasis added).

Plaintiff purports to state claims sounding in product liability pursuant to Sections 402A and 402B of the Restatement (Second) of Torts. Plaintiff, however, fails materially to provide more than a bare averment of the elements of each of these claims, omitting any factual averments with sufficient information to enable the Mylan Defendants or this Court to identify the basis upon which those claims are predicated. Accordingly, Plaintiff's Complaint should be dismissed for failure to confirm to the requirements of Twombly and Iqbal.

With regard to his claim of product liability, Plaintiff simply avers that the MFTS failed to perform "in the manner reasonably to be expected in light of their nature and intended function" due to an unspecified "defect in the drug's design" and that the "defective design, manufacture, assembly and sale" of the MFTS was the proximate cause of the Decedent's death. Complaint, Count I ¶¶9, 10 and Count V ¶¶9, 10. Further, Section 402B imposes strict liability for misrepresentation when the misrepresented product causes physical harm. *See* Hollenbeck v. Selectone Corporation, 131 Ill.App.3d 969, 476 N.E.2d 746 (1985); and Moorman Manufacturing Company v. National Tank Company, 91 Ill.2d 69, 435 N.E.2d 443 (1982). However, the Complaint is completely silent as to any alleged misrepresentations the Mylan Defendants allegedly made in connection with the MFTS; who made them; to whom were they made; or how they allegedly caused in fact Decedent's harm.

The United States Supreme Court's decisions in Twombly and Iqbal, however, require greater particularity in pleading. Plaintiff's claims do not "give [Mylan] fair notice of what the claim is and the grounds upon which it rests." Twombly 550 U.S. at 555. They constitute no more than "labels and conclusions," and "a formulaic recitation of the elements of the causes of [the] cause[s] of action" at issue. *Id*. Iqbal made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S.Ct. at 1949-50. While the Mylan Defendants acknowledge that these pleadings encompass the bare elements of the causes of action in question, the pleadings do not "state a plausible claim for relief" pursuant to the above standard. Id. This Court need

4

not and should not credit as true mere legal conclusions. Thus, Plaintiff's allegations fail to "raise [his] right to relief above the speculative level" as required by Twombly, Id., and should be dismissed with prejudice. Accordingly, these claims should be dismissed for failure to state a claim upon which relief can be granted.

      **B.    PLAINTIFF'S FAILURE TO WARN CLAIMS EMBODIED IN COUNTS III, IV, VII AND VIII MUST BE DISMISSED PURSUANT TO THE LEARNED INTERMEDIARY DOCTRINE.**

Counts III, IV, VII and VIII of the Complaint assert claims of negligence against Mylan and MPI, respectively, based, in part, on the Mylan Defendants' asserted failure to provide the Decedent with adequate warnings and instructions. Complaint, Count III ¶9(a), and Count VII ¶9 (a). The Mylan Defendants, however, owed no such duty to the Decedent under Illinois law.

The learned intermediary doctrine, first adopted by the Illinois Supreme Court in Kirk v. Michael Reese Hosp., 117 Ill. 2d 507, 519, 513 N.E.2d 387, 392 (1987), provides that a manufacturer of prescription drugs owes no legal duty to directly warn patients, like the Decedent, of known risks and dangerous propensities associated with their products. Kirk, 513 N.E.2d at 387. Rather, the pharmaceutical company has a duty to warn prescribing physician's of a drug's known dangerous propensities. The physician is to then use his or her medical judgment to convey any relevant warnings to their patients. Martin v. Ortho Pharmaceutical Corp., 169 Ill. 2d 234, 661 N.E.2d 352, 354 (1996). See also Leesley v. West, 165 Ill. App. 3d 135, 139-40, 518 N.E.2d 758, 761 (2nd Dist. 1988).

> 'Prescription drugs are likely to be complex medicines, esoteric in formula and varied in effect. As a medical expert, the prescribing physician can take into account the propensities of the drug as well as the susceptibilities of his patient. His is the task of weighing the benefits of any medication against its potential dangers. The choice he makes is an informed one, [an] individualized medical judgment bottomed on a knowledge of both patient and palliative. Pharmaceutical companies in selling prescription drugs are required to warn only the prescribing physician, who acts as a 'learned intermediary' between manufacturer and consumer.'

Kirk, 513 N.E.2d 387, *quoting* Stone v. Smith, Kline & French Laboratories, 731 F.2d 1575, 1579-80 (11th Cir. 1984).

5

Likewise, under Tennessee law, a manufacturer of prescription drugs "may reasonably rely on intermediaries to transmit their warnings and instruction" to the consumer. Pittman v. Upjohn Co., 890 S.W.2d 425, 429 (Tenn. 1994). "Where a product is marketed solely to professionals experienced in using the product, the manufacturer may rely on the knowledge that a reasonable professional would apply in using the product." Id. at 430, *citing* Pavlides v. Galveston Yacht Basin, Inc., 727 F.2d 330, 338 (5th Cir. 1984); and Tracy v. Merrell Dow Pharmaceuticals, Inc., 58 Ohio St.3d 569 N.E.2d 875, 878-79 (1991). Under this analysis, the physician is the "users" of the prescription drug and the Mylan Defendants can "rely on [his] professional expertise and good judgment in preparing its warnings and precautions concerning [the product]." Id. Thus, the plaintiff must show that the warnings and instructions to the physician were inadequate or, that manufacturer failed to warn the physician of a risk associated with the use of the drug not otherwise known to the physician. Id.

In the instant case, the Plaintiff asserts, and the Mylan Defendants agree, that the MFTS is a prescription drug product that is available only through a licensed physician. In this case, the Plaintiff alleges that the Decedent in fact received a prescription for a MFTS 50 mcg/hr patch from her physician, and that she allegedly "administered and affixed" the patch she was prescribed in accordance with her physician's orders. Complaint, Count I ¶¶ 3, 6, and Count V ¶¶ 3, 6. In connection with this prescription drug, Plaintiff alleges the Mylan Defendants "failed to provide adequate or sufficient warnings **to plaintiff's decedent**." Complaint, Count III ¶9(a), and Count VII ¶9 (a) (emphasis added). Plaintiff does not allege that warnings and instructions provided to the Decedent's prescribing physician were inadequate or that the Mylan Defendants failed to warn the prescribing physician of a risk associated with the use of the drug not otherwise known to the physician.

It is clear that under either Illinois or Tennessee law, the Mylan Defendants had no duty to provide any warnings or instructions relating to the product to the Decedent directly. Rather, the Mylan Defendants were required to provide the prescribing physician information concerning the drug's known dangerous propensities. It was up to the physician to then relay such information and instructions, as he determined relevant and necessary, to the Decedent. Accordingly, the Mylan Defendants, owed no duty

6

as a matter of law to provide any warnings or instructions to the Decedent. Therefore, all of the failure to warn allegations must be dismissed.

WHEREFORE, for all the forgoing reasons, Mylan Inc. and Mylan Pharmaceuticals Inc. asks that this Court dismiss Counts I, II, V, VI pursuant to Twombly Id.; and Count III ¶9(a), and Count VII ¶9 (a), and Counts IV and VIII to the extent they are based on these allegations, pursuant to the learned intermediary doctrine, with prejudice for failure to state a claim upon which relief may be granted.

**A JURY TRIAL IS DEMANDED.**

|  |  |
|---|---|
| April 21, 2010 | By: /s/ C. Raymond Bell<br>C. Raymond Bell, Esq.<br>Illinois Bar #6200323<br>**Foley & Mansfield, P.L.L.P**<br>1001 Highlands Plaza Drive West<br>Suite 400<br>St. Louis, MO  63110<br>(314) 645-7788 Telephone<br>(3124) 645-9945 Facsimile<br>rbell@foleymansfield.com<br><br>Clem C. Trischler, Esq.<br>*Pro Hac Admission to be sought*<br>**Pietragallo Gordon Alfano Bosick<br>& Raspanti, LLP**<br>The Thirty-Eighth Floor<br>One Oxford Centre<br>Pittsburgh, PA 15219<br>(412) 263-2000 Telephone<br>(412) 263-2001 Facsimile<br>CCT@Pietragallo.com<br><br>**Counsel for Defendants,<br>Mylan Inc. and Mylan Pharmaceuticals Inc.** |

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANTS, MYLAN INC. AND MYLAN PHARMACEUTICALS INC. has been electronically filed and served by operation of the Court's electronic filing system upon the counsel of record listed below on this 21st day of April, 2010:

Robert H. Gregory, Esq.
970 E. Airline Drive, Suite 3
East Alton, IL  62024
**Counsel for Plaintiff**

                          /s/ C. Raymond Bell

.