IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON PELLAZARI, Special Administrator
of the Estate of, BETTY J. PELLAZARI,
Deceased

Plaintiff,

v.

MYLAN, INC. and MYLAN
PHARMACEUTICALS, INC.,

Defendants.                                   No. 3:10-cv-00278-DRH

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I. Introduction

On April 14, 2010, Plaintiff, Jason Pellazari, filed his Complaint against Defendants Mylan, Inc. and Mylan Pharmaceuticals, Inc. ("Defendants") on behalf of his decedent's estate. Defendants subsequently removed the action from the Circuit Court, Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In his Complaint, Plaintiff alleges his decedent's death resulted from the use of Defendants' fentanyl transdermal patch, which was prescribed to her by her physician. Plaintiff filed this eight count Complaint against Defendants, alleging strict liability and negligence claims for products liability under the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq. and 755 ILCS 5/27-6.

Now before the Court is a Motion to Dismiss filed by Defendants (Doc. 7). Plaintiff has filed a response (Doc. 15), and Defendants have filed a reply (Doc.17). Based on the following, the Court **DENIES IN PART** and **GRANTS IN PART** the Motion with leave for Plaintiff to amend the Complaint. (Doc. 7).

## II.  Discussion

When ruling on a Motion to Dismiss for failure to state a claim under **Federal Rule of Civil Procedure 12(b)(6)**, the Court must determine whether the complaint satisfies the threshold pleading requirements under **Federal Rule of Civil Procedure 8**. According to Rule 8, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **Fed. R. Civ. P. 8(a)(2)**. The Supreme Court has held that Rule 8 requires a complaint allege "enough facts to state a claim of relief that is plausible on its face" to survive a Rule 12(b)(6) motion. **Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007)**. The Supreme Court further stated it is the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief" by providing 'more than labels and conclusions' because a formulaic recitation of the elements of a cause of action will not do…" **Id. at 555-56 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986))**. A complaint containing only 'naked assertion[s]' without 'further factual enhancement' is not sufficient. *Ashcroft v. Iqbal* --- U.S—, 129 S. Ct. 1937, 1949 (2009) **(quoting *Twombly,* 550 U.S. at 557)**.

The Supreme Court recently made clear that the federal pleading standard

under Rule 8 as discussed in ***Twombly*** applies "for all civil actions." ***Id.* at ---, 129 S. Ct. at 1953**. ***Iqbal*** identified the "two working principles" underlying the decision in ***Twombly***: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" and (2) "only a complaint that states a plausible relief survives a motion to dismiss." ***Id.* at ---, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-6)**. Thus, a court should only assume to be true a complaint's well-pleaded factual allegations, and not its mere legal conclusions, when determining whether such allegations plausibly give rise to relief. ***Id.* at ---, 129 S. Ct. at 1950**.

The 7th Circuit recently considered the standard set forth in ***Twombly*** and ***Iqbal***. The Court concluded that in order to satisfy these pleading requirements, the Plaintiff must include only enough factual details about the subject-matter of the case "to present a story that holds together." ***Swanson v. Citibank, N.A.*, 2010 WL 2977297, at \*3 (7th Cir. 2010)**. Additionally, the Court emphasized the Supreme Court's statement in ***Iqbal*** that the plausibility standard is "not akin to a probability requirement." ***Id.* (quoting *Iqbal*, --- U.S. ---, 129 S. Ct. at 1949)**.

In the Motion to Dismiss, Defendants argue that the Complaint should be dismissed because Plaintiff has not adequately pleaded a basis for relief. In his Complaint, Plaintiff asserts the decedent properly applied a prescribed fentanyl transdermal patch manufactured by Mylan Defendants and was subsequently found

dead with a toxic amount of the drug fentanyl in her bloodstream. The Federal Courts require only notice pleading, so Plaintiff has the opportunity to prove the allegations in his Complaint before losing on a motion to dismiss. There is a possibility that consistent additional facts could prove his claim that his decedent died as a result of a defective fentanyl transdermal patch produced by Defendents. Plaintiff may also later prove that Defendants were negligent in producing these products. Therefore, Plaintiff has provided sufficient factual allegations to present a plausible claim of relief, not mere legal conclusions. Accordingly, Plaintiff has adequately pleaded a basis for relief under **Rule 8** and the standard set forth in ***Twombly*** and ***Iqbal***. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss with respect to Defendants' claim that Plaintiff has filed inadequate pleadings.

However, as Defendant contends and Plaintiff concedes, Illinois law does not require a prescription drug manufacturer to provide warnings to the ultimate user or consumer as alleged in Counts III, IV, VII, and VIII of the Complaint. Rather, Illinois has adopted the learned intermediary doctrine, imposing this duty instead on the prescribing physician. Therefore, the Court **GRANTS** the Motion to Dismiss with respect to Plaintiff's negligence claims. The Court further **GRANTS** Plaintiff leave to amend his Complaint with respect to Counts III, IV, VII, and VIII.

### III. Conclusion

The Court **DENIES IN PART** and **GRANTS IN PART** Defendants' Motion to Dismiss. The Court **DENIES** the Motion with respect to Defendants' claim that

Plaintiff has failed to adequately plead a basis for relief. However, the Court **GRANTS** the Motion with respect to Counts III, IV, VII, and VII. The Court further **GRANTS** Plaintiff leave to amend his Complaint. Plaintiff has up to and including **September 10, 2010** to file his Amended Complaint.

**IT IS SO ORDERED.**

Signed this 20th day of August, 2010.

/s/ David R Herndon

**Chief Judge**
**United States District Court**